IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

REINALDO ACOSTA,

    Petitioner,

v.

REED RICHARDSON, Warden, Stanley
Correctional Institution,

    Respondent.

ORDER

Case No. 18-cv-143-wmc

---

Reinaldo Acosta, an inmate at Stanley Correctional Institution, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Acosta challenges the sentence imposed by the Circuit Court for Milwaukee County on his conviction for two counts of impersonating a peace officer with intent to commit a crime. Specifically, Acosta contends that the trial court "did not give jail credit from June 7 2013 thru April 28, 2014." (Dkt. #1). Acosta offers no further elaboration and provides no supporting facts.

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer.

*Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Acosta's petition fails to cross this threshold. Acosta does not say why he thinks he is entitled to the sentence credit he is seeking and he does not explain how his constitutional rights were violated as a result of the state court's alleged denial of the credit. Even more problematic, his supplement to his petition shows that the Wisconsin Court of Appeals found that Acosta *had* received 325 days' credit, but that it had been applied to Acosta's post-revocation sentence in a different case. (Dkt. #5, at 7). That court explained that Acosta was not entitled to additional or dual credit because the trial court had ordered Acosta's sentences on the impersonation charges to run consecutively to Acosta's revocation sentence. *Id*.

Acosta has failed in his petition to provide enough facts from which this court can conclude that he was actually denied sentence credit, that the court of appeals erred or that his detention is illegal. Accordingly, the state will not be required to answer the petition at this time. Instead, Acosta must supplement his petition with facts showing that his custody is unlawful. Specifically, Acosta should advise the court whether he agrees with the Wisconsin Court of Appeals' finding that the sentence credit was applied to his post-revocation sentence in a different case, and if so, why he thinks he is entitled to that same credit in the instant case. If he does *not* agree that he was awarded the credit in a different case, then he should provide specific facts showing that the state court of appeals erred in finding otherwise. If Acosta fails to take these actions, then the presiding judge likely will dismiss the petition.

ORDER

IT IS ORDERED that, not later than August 27, 2018, petitioner Reinaldo Acosta shall supplement his petition with facts showing that he is in custody in violation of the Constitution or laws or treaties of the United States, as directed in this order.

Entered this 27th day of July, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge